UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 07-CR-57

THOMAS BALSIGER, et al.,

        Defendants.

DECISION AND ORDER OVERRULING DEFENDANTS THOMAS BALSIGER'S
AND JAMES CURREY'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER
OF APRIL 2, 2010 (DOC. # 386)

On March 15, 2010, Magistrate Judge Patricia J. Gorence issued a Decision and Order addressing the voluminous privilege claims of Thomas Balsiger, James Currey, and other defendants in this action. (Doc. # 379.) Defendants Balsiger and Currey (hereinafter "the defendants") asked for reconsideration of that order (Doc. # 380), and on April 2, 2010, Judge Gorence denied the request. (Doc. # 383.) The defendants' objection to Judge Gorence's April 2, 2010, order denying the motion for reconsideration is now before this court. (Doc. # 386.)[1]

A magistrate judge may decide nondispositive motions, although a party may object, i.e., appeal, the magistrate judge's order. Fed. R. Crim. P. 59(a). The court may set aside the magistrate judge's determination, or any portion of it, if an objecting party shows that the order is contrary to law or clearly erroneous. *Id.* The clear error standard

---

[1] In their motion for reconsideration, the defendants requested that Judge Gorence extend the time for them to file objections to the March 15 Decision and Order, pursuant to Federal Rule of Criminal Procedure 59(a). It appears that Judge Gorence granted this request inasmuch as her Decision and Order denying the motion for reconsideration provided, in the section immediately following discussion regarding the denial of certain privilege claims, that the defendants "will have fourteen days from the date of this decision to file objections with the district court." (Doc. # 383 at 5.) This is in addition to the final paragraph of that Decision and Order directing the parties to Rule 59 and 28 U.S.C. § 636(b)(1) regarding the deadline for filing objections. (Doc. # 383 at 7.) The defendants title their Objection before this court as "Objections to Magistrate Judge Gorence's Decision and Order Dated April 2, 2010," (Doc. # 386), and do not otherwise address this point.

means that the court can overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

For background, the complexity of this criminal case is illustrated, in part, by the ongoing privilege disputes. As noted by Judge Gorence in her March 15, 2010, order, the defendants assert attorney client privilege, including joint defense privilege, and/or work product privilege over approximately 2179 entries in sixteen privilege logs (this is in addition to the substantial privilege claims asserted by various other defendants in this action). Given the immensity of the task, Judge Gorence permitted the defendants to file the privilege logs and the documents identified in those logs to the court in an electronic, searchable format. (Order of Nov. 6, 2008 (Doc. # 236); Order of April 2, 2010 (Doc. # 383).) The external hard drive submitted to the court was, on the defendants' proposal, to contain their privilege logs and hyperlinks to the documents at issue. (Order of Nov. 6, 2008 (Doc. # 236)).

In her March 15 Decision and Order, Judge Gorence described the legal framework for consideration of the defendants' privilege claims, and discussed the parties' arguments. Among other items, Judge Gorence found that "[o]f the sixteen privilege logs submitted by defendants Balsiger and Currey, one log—the log titled "IOS GT EMail #2 Privilege Log"—fails to indicate the specific privilege the defendants are claiming for any of the entries." (Order of March 15, 2010, at 10.) Judge Gorence noted that the defendants failed to meet their burden of demonstrating that the documents included in that log were privileged, and denied their privilege claims with respect to such documents.

Similarly, Judge Gorence concluded that entries two through five of the log titled "Scott Hulse Privilege Emails" failed to indicate the specific privilege the defendants

were invoking.  Entries four and eighty-six on the log titled "IOS – DBER Case Related Email Privilege Log" simply indicated "Re: Conversation w/Sib" and "Furr former attorney forwarding material to Tarun," respectively, as the basis for privilege, which Judge Gorence found insufficient.  Thus, Judge Gorence denied the defendants' privilege claims with respect to those entries.

With regard to other privilege claims, Judge Gorence observed that "many of the documents' descriptions are woefully inadequate."  She went on to find that several of the entries "neither meet the requirements of identifying the general nature of the documents, nor pf [sic] providing facts which support the elements of the privilege."  Judge Gorence permitted the defendants thirty additional days to submit updated and amended privilege logs.

In their motion for reconsideration the defendants claimed that the version of the privilege logs submitted to the court mistakenly contained various omissions and errors.  Specifically, the defendants argued that their copy and the government's copy of the "IOS GT EMail #2 Privilege Log" identified specific privilege claims for the entries therein.  Similarly, they contended that their copy and the government's copy of the "Scott Hulse Privilege Emails" log includes specific privilege claims for entries number two through five.  As for entries four and eighty-six on the log titled "IOS – DBER Case Related Email Privilege Log," the defendants contended that "counsel clearly intended to claim the joint defense privilege with respect to th[ese] document[s] but inadvertently inserted the description of the[se] document in the column wherein the privilege is meant to be identified."  (Mot. to Reconsider at 4.)

The defendants requested the opportunity to remedy the claimed errors and to submit further amended privilege logs to the court.  In addition, the defendants asked

that Judge Gorence first address their argument that IOS's privilege waiver was coerced—an argument previously pushed by codefendants Bruce Furr and Steven Furr, which this court considered and rejected. According to the defendants, a finding that the IOS waiver was coerced could end the privilege litigation altogether. The government responded that the court should simply adopt the same reasoning applied to the Furrs' motion, and reject the defendants' argument on this point.

Judge Gorence denied the motion to reconsider indicating that the court relied on the defendants' most recent submission of the privilege logs (the external hard drive), which was, to all parties' understanding, accurate and complete. Indeed, defense counsel advised the court prior to the submission of the hard drive that they wanted to modify, revise, and redact the logs.

Given the volume of privilege materials, and nearly 400 docket entries, Judge Gorence stated that it was impractical, if not impossible, for the court to scan possibly relevant materials elsewhere in the record to compare against the logs most recently submitted in electronic form. Further, Judge Gorence noted that the privilege litigation has been pending more than two years, and that the defendants had ample time to review and revise their privilege logs prior to filing. Thus, she concluded that the defendants' failed to establish good cause for reconsideration. As for the defendants' request that at the outset the court address their argument that the IOS privilege waiver was coerced, Judge Gorence stated that she would consider the arguments on this question after the defendants file their updated and amended privilege logs.

In their arguments to this court, the defendants focus on Judge Gorence's denial of their privilege claims regarding the "IOS GT Email #2 Privilege Log"; entries two through five of the log titled "Scott Hulse Privilege Emails"; and entries four and eighty-six

on the log titled "IOS – DBER Case Related Email Privilege Log." Moreover, the defendants request that this court "instruct the Magistrate Court to consider defendant's coercion of the waiver argument before ruling on defendants['] specific privilege claims." (Obj. 8.)

As to the "IOS GT Email #2 Privilege Log," the defendants assert that Judge Gorence erred inasmuch as the government's copy of the log indicated a specific privilege claim for each document, and that "in making a copy of the external hard drive for the court or after the copy was made, someone unbeknownst to the defendants inadvertently deleted certain entries thereon." (Obj. 5.) Additionally, the defendants maintain that Judge Gorence should have informed them of the problems associated with the court's copy of the privilege logs and permitted them the opportunity to "cure the inadvertent technical issues." (Obj. 6.) The defendants make a similar argument respecting Judge Gorence's decision to deny privilege claims for entries two through five of the log titled "Scott Hulse Privilege Emails."

As for entries four and eighty-six on the log titled "IOS – DBER Case Related Email Privilege Log," the defendants repeat the argument presented to Judge Gorence on reconsideration: "counsel clearly intended to claim the joint defense privilege with respect to th[ese] document[s] but inadvertently inserted the description of the[se] document in the column wherein the privilege is meant to be identified." (Obj. at 8; Mot. to Reconsider at 4.) They request the opportunity to update and amend their logs to reflect the privilege asserted.

In response, the United States contends that the defendants have been provided multiple extensions with regard to preparation of their privilege litigation materials, and that they have been allowed to revise facially deficient logs and raise additional

privilege arguments on previous occasions. The government further notes it is not the court's burden to sift through the massive (and massively deficient) logs to glean possible privilege claims not otherwise indicated.

Upon review of the record and the materials submitted, this court is unable to conclude that Judge Gorence was clearly erroneous when she denied the defendants' privilege claims for "IOS GT Email #2 Privilege Log"; entries two through five of the log titled "Scott Hulse Privilege Emails"; and entries four and eighty-six on the log titled "IOS – DBER Case Related Email Privilege Log." There is no dispute as to Judge Gorence's legal analysis, and there is no dispute that the privilege logs submitted to the court by the defendants were deficient in several respects. Indeed, Judge Gorence articulated several examples in which the defendants' privilege logs were "woefully inadequate." Notably, "[t]he court has spent countless hours reviewing the often haphazard privilege logs submitted by the defendants. From the court's extensive review, it is apparent that the defendants did not properly review all of the logs before submitting them to the court." (Order of March 15, 2010 (Doc. # 379).) Where some form of privilege was indicated, Judge Gorence remained "unable to properly determine . . . whether the stated privilege claim does, in fact, apply," due to myriad deficiencies. (*Id.*) This case does not involve a situation where an obvious technical glitch polluted minor portions of what was otherwise a satisfactory submission. Given that the court was right to assume that the most recent version of defendants' privilege logs was complete and accurate, it was not clearly erroneous to conclude that the defendants' failed to meet their burden in establishing privilege where no valid, specific privilege was indicated. *See United States v. White,* 950 F.2d 426, 430 (7th Cir. 1991) ("[T]he burden falls on the party seeking to invoke the privilege to establish all the essential elements."). This is keeping in mind that Judge

Gorence reserved ruling on the remaining deficient privilege claims, and permitted the defendants to submit updated and amended logs complying with the court's instructions.

Lastly, the defendants request that this court "instruct" Judge Gorence to consider their argument that IOS's privilege waiver was coerced, before ruling on specific privilege claims. Not surprisingly, the United States asks this court to reject that argument. Judge Gorence has indicated that she will entertain arguments on this point, and there is no compelling reason to interfere with her case management. Now, therefore,

IT IS ORDERED that defendants Balsiger's and Currey's objection to Magistrate Judge Gorence's Decision and Order of April 2, 2010 (Doc. # 386), is overruled.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2010.

                                        BY THE COURT

                                        /s/ C. N. Clevert, Jr.
                                        C. N. CLEVERT, JR.
                                        CHIEF U. S. DISTRICT JUDGE